**Fill in this information to identify the case:**

Debtor Name: Epic Smokehouse LLC

United States Bankruptcy Court for the: Eastern District of Virginia
(State)

Case number: 25-10855-KHK

☐ Check if this is an amended filing

Official Form 425A

# Plan of Reorganization for Small Business Under Chapter 11    02/20

**Debtor's Plan of Reorganization, Dated July 28, 2025**

**Background for Cases Filed Under Subchapter V**

**A. Description and History of the Debtor's Business**

The Debtor is an LLC. Since 2012, the Debtor has been in the business of operating a barbecue restaurant. The business has been been generally profitable except for Covid years, but missed some rent payments due to management issues. Those issues have been corrected, but Debtor needed to file to address the resulting lease deficiency and other debts.

**B. Liquidation Analysis**

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to the Plan as Exhibit A.

**C. Ability to make future plan payments and operate without further reorganization**

The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the debtor's business.

The Plan Proponent has provided projected financial information as Exhibit B.

The Plan Proponent's financial projections show that the Debtor will have projected disposable income (as defined by § 1191(d) of the Bankruptcy Code) for the period described in § 1191(c)(2) of $ 432,000

The final Plan payment is expected to be paid on month 45 after the effective date

[Summarize the numerical projections, and highlight any assumptions that are not in accord with past experience. Explain why such assumptions should now be made.]
**You should consult with your accountant or other financial advisor if you have any questions pertaining to these projections.**

Debtor Name  _____      Case number_____

# Article 1: Summary

This Plan of Reorganization (the *Plan*) under chapter 11 of the Bankruptcy Code (the *Code*) proposes to pay creditors of [insert the name of the Debtor] (the *Debtor*) from [Specify sources of payment, such as an infusion of capital, loan proceeds, sale of assets, cash flow from operations, or future income].

This Plan provides for:
- **0** classes of priority claims;
- **2** classes of secured claims;
- **2** classes of non-priority unsecured clams; and
- **1** classes of equity security holders.

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately **100** cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

# Article 2: Classification of Claims and Interests

2.01 **Class 1** — All allowed claims entitled to priority under § 507(a) of the Code (except administrative expense claims under § 507(a)(2), and priority tax claims under § 507(a)(8)).

2.02 **Class 2A** — The claim of **US Small Business Administration**, to the extent allowed as a secured claim under § 506 of the Code.

Class 2B — The Claim of Arlington County Treasurer to the extent allowed as a secured claim under § 506 of the Code.

2.03 **Class 3A** — All non-priority unsecured claims allowed under § 502 of the Code except Class 3B.

Class 3B — Small claims under $500 - see Exhibit C

2.04 **Class 4** — Equity interests of the Debtor.

# Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees

3.01 **Unclassified claims** — Under section § 1123(a)(1), administrative expense claims and priority tax claims are not in classes.

3.02 **Administrative expense claims** — See Exhibit C

Debtor Name  _____          Case number_____

| | | |
|---|---|---|
| 3.03 **Priority tax claims** | Priority tax claims will be paid in full with statutory interest applicable to such claims 4 quarters (12 months) after the effective date | |
| 3.04 **Statutory fees** | All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Plan have been paid or will be paid on the effective date. | |

### Article 4: Treatment of Claims and Interests Under the Plan

4.01  **Claims and interests shall be treated as follows under this Plan:**

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - **Priority claims** excluding those in Article 3 | ❏ Impaired<br>❏ Unimpaired | n/a - no non-tax priority claims |
| Class 2 – **Secured claim** of [*Insert name of secured creditor.*] | ❏ Impaired<br>❏ Unimpaired | See Exhibit C |
| Class 3 – **Non-priority unsecured creditors** | ❏ Impaired<br>❏ Unimpaired | See Exhibit C |
| Class 4 - **Equity security holders of the Debtor** | ❏ Impaired<br>☒ Unimpaired | Equity interest holders will retain their interest. |

### Article 5: Allowance and Disallowance of Claims

| | | |
|---|---|---|
| 5.01 | **Disputed claim** | A *disputed claim* is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either:<br><br>(i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or<br><br>(ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated. |
| 5.02 | **Delay of distribution on a disputed claim** | No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order. |
| 5.03 | **Settlement of disputed claims** | The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.  Court approval shall not be required for disputes of less than $10,000. |

### Article 6: Provisions for Executory Contracts and Unexpired Leases

Official Form 425A          **Plan of Reorganization for Small Business Under Chapter 11**          page **3**

Debtor Name _____     Case number_____

| | | |
|---|---|---|
| 6.01 | **Assumed executory contracts and unexpired leases** | (a) The Debtor assumes, and if applicable assigns, the following executory contracts and unexpired leases as of the effective date: Real property lease with Millennium Owner LLC. Cure to be made over 2 quarters from the Effective Date. |
| | | (b) Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the effective date or under section 6.01(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date.<br><br>A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than  30  days after the date of the order confirming this Plan. |

### Article 7: Means for Implementation of the Plan

See Exhibit D

### Article 8: General Provisions

| | | |
|---|---|---|
| 8.01 | **Definitions and rules of construction** | The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:<br><br>See Exhibit E |
| 8.02 | **Effective date** | The effective date of this Plan is the first business day following the date that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated. |
| 8.03 | **Severability** | If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan. |
| 8.04 | **Binding effect** | The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity. |
| 8.05 | **Captions** | The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. |
| [8.06 | **Controlling effect** | Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of  Virginia  govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.] |
| [8.07 | **n/a** | |

Debtor Name _____    Case number_____

[8.08] **Retention of Jurisdiction**   See Exhibit F

**Article 9: Discharge**

Debtor Name _____    Case number_____

**Discharge: the Debtor is a corporation under Subchapter V]**

If the Debtor's Plan is confirmed under § 1191(a), on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:
        (i) imposed by this Plan; or
        (ii) to the extent provided in § 1141(d)(6).

If the Debtor's Plan is confirmed under § 1191(b), confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:
        (i) on which the last payment is due after the first 3 years of the plan, or as otherwise provided in § 1192; or
        (ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

### Article 10: Other Provisions

See Exhibit F

Respectfully submitted,

Debtor Name  _____    Case number_____

✗ /s/ Joon Yang                              Joon Yang, Managing Member
[Signature of the Plan Proponent]            [Printed Name]

✗ /s/ Daniel M. Press                        Daniel M. Press
[Signature of the Attorney for the Plan Proponent]    [Printed Name]

# EXHIBIT A – ANALYSIS OF LIQUIDATION VALUE OF THE ESTATE

If liquidated under Chapter 7, the following is an analysis of what would be available to pay unsecured creditors.

Assets:

    Personal property (per schedules)    $293,000 (includes $233,528 loan due from American Prime steakhouse, possibly not fully collectible)

    Potential insider preference    $14,308
    Potential Sysco preference    $43,000  (credit given for subsequent new value, but likely subject to ordinary course and other defenses as well)

Total: $350,308

Less SBA lien $150,000
Less Arlington County tax lien $1795

Net: $198,513

Less: Administrative claims: C11 Professionals/Trustee $20,000 est., net of retainer
                              C7 Trustee commission on $350,308: $21,115

Less: Priority Tax claims:    $27,000

Total:  Approx. $120,000 net (prior to legal fees on the preference claims, American Prime claims, and other Trustee legal fees).  Estimate at least $20,000

As such, after payment of secured, priority and administrative claims, there would be no more than $100,000 distribution to unsecured creditors in a Chapter 7 liquidation.   This plan proposes 100%.
.

**Exhibit B: Projections –**

Per month:

Income: $210,000 (avg. May-June and estimate for July)
Repayment (monthly) from American Prime: $2000 until paid

Operating expenses: $198,000 (avg. disbursements plus payables over May-June and estimate for July)
Net: $14,000

SBA loan payment: $1000/month (est.)

Net after ongoing secured claim: $13,000 ($39,000/quarter)

Lease cure ($111,000 approx.) paid in quarters 1-3

Priority tax claims ($28,000 + interest) and deferred administrative expenses, to be paid in quarter 4.

General unsecured claims paid $39,000/quarter for quarters 5-15

# EXHIBIT C – CLASSIFICATION AND TREATMENT OF CLAIMS

The Plan establishes 4 classes of claims, plus two categories of unclassified claims (for administrative expenses and priority taxes). The classes of claims are identified and treated as follows:

### A. *Unclassified Claims*

1. *Administrative Expenses.* Pursuant to Code § 1191(e), Administrative Expense claims approved and allowed by the Court shall be paid in full on the Effective Date or as soon thereafter as the amount thereof can be fixed, unless a different treatment is agreed to or provided for in this Plan. Administrative claims that by their terms are not due and payable on or before the Effective Date shall be paid when due. Administrative claims where all or a portion of awarded fees are being held by counsel or the trustee in escrow may be paid upon allowance by the Court to the extent of such escrowed sums, with any balance to be paid as provided above.

The total professional fees to Debtor's counsel are estimated to be approximately $20,000, partially covered by the prepetition retainer. The Subchapter V Trustee's fees are estimated approximately the amount paid into escrow.

The Debtor is unaware of any other unpaid administrative expense claims not being paid in the ordinary course.

### B. *Priority Taxes*.

See 3.03 of the Plan form.

### *Classified Claims and Interests*

SECURED CLAIMS:

*Class 2A (SBA Secured Claim).*   Class A consists of the claim of the U.S. Small Business Administration.   This claim shall retain its lien and Debtor will cure any arrearages in cash on the effective date of the plan (or upon determination of the amount of arrears), and shall pay this claim in full per its contract terms.  This class is not impaired.

*Class 2B (Arlington County tax lien).*   Class 2B consists of the tax lien of Arlington County (secured portion of Claim 5, $1794.95).  This claim will retain its lien and be paid in full on the Effective Date with any statutory interest.  This class is not impaired.

UNSECURED CLAIMS

Class 3A: (General Unsecured Claims). Class 3A consists of all allowed general unsecured claims against the Debtor (non-priority unsecured claims other than classes 3B and 3C).  The

Class 3A claims shall be paid in full in 11 equal quarterly payments starting 18 months after the Effective Date, without interest. This class is impaired.

*Class 3B: Small claims.* Class 3C consists of all unsecured claims of $500 or less. The Class 3C claims shall be paid in full on the Effective Date of the Plan. Any other creditor may notify the Debtor through counsel that it wishes to reduce its claim to $500 and be treated as a Class 3C claim and it shall be paid as such. This class is not impaired.

*Class 4: Equity Interests.* The existing equity holders shall retain their interests. This class is not impaired.

*As to All Claims*

The right to object to all claims is reserved. The payment on any claims which are then subject to objections as to which a Final Order has not been entered shall be held by the Debtor until a Final Order is entered, and shall be paid to the creditor, distributed pro rata to the holders of other allowed claims of the same class, or retained by the Debtor, as appropriate, upon entry of such a Final Order. Payments on claims shall be mailed to the address of the creditor on the proof of claim (or, if allowed pursuant to the schedules, to the address on the schedules), unless the creditor files a change of address notice with the Court. No distribution shall be made on any claim until the cumulative distribution on that claim equals at least $20.00, except that the final distribution to any class shall distribute all remaining funds due to each creditor without regard to amount. Any check mailed to the proper address and returned by the post office as undeliverable, refused by the creditor, or not deposited within 180 days, shall be void and the funds may be retained by the Debtor. Nothing herein shall constitute a waiver of the Debtor's right to object to any claim or an acknowledgement that such claim is valid or allowable.

# EXHIBIT D - IMPLEMENTATION OF PLAN

       A. Funds for implementation of the Plan will be derived from the Debtor's income from operation of its business and from repayment of the loan to American Prime Steakhouse, an entity with largely common ownership.  As shown in Exhibit B, Debtor's income is projected to be sufficient to pay all claims as provided for in the Plan.

       B.       The Debtor shall retain the Assets of the estate (except as otherwise provided in this Plan) and shall therewith operate its business and financial affairs and pay ordinary operating expenses, while paying creditors the amounts set forth in this Plan. Consistent with the provisions of this Plan and subject to any releases provided for herein, the Debtor reserves the right to begin or continue any adversary proceeding permitted under the Code and Rules to collect any debts, or to pursue its claims in any court of competent jurisdiction. Except as expressly provided for in this Plan, nothing in this Plan shall be deemed to constitute a waiver of any claim that the Debtor may assert against any other party, including the holder of any claim provided for in this Plan, and the allowance of any claim against the Debtor or the estate shall not bar any claim by the Debtor against the holder of such claim.

# EXHIBIT E - DEFINITIONS AND RULES OF CONSTRUCTION

The definitions and rules of construction set forth in 11 U.S.C. §§ 101 and 102 shall apply when terms defined or construed in the Bankruptcy Code are used in this Plan, and they are supplemented by the following definitions:

1.1     *"Administrative Bar Date"* means the first Business Day thirty (30) days after the Confirmation Date and is the date by which all Administrative Claims must be filed with the Bankruptcy Court, other than claims for counsel or Trustee fees, except as otherwise provided in the Plan.

1.2     *"Administrative Claim"* means any cost or expense of administration of the Estate allowed under § 503(b) of the Bankruptcy Code, proof (or request or motion for payment or approval) of which is timely filed by the Administrative Bar Date.

1.3     *"Allowed Claim"* means a Claim against the Debtor: (a) which is listed in the Debtor's Schedules (as amended), other than a Disputed Claim or a Claim to which an objection has been interposed; or (b) proof of which has been timely filed and with respect to which no timely filed objection to the allowance thereof has been interposed, or (c) which has been allowed by the Court in a Final Order, but only in the amount allowed. An Allowed Claim shall not include unmatured or post-petition interest unless otherwise stated in the Plan.

1.4     *"Assets"* means all property, real or personal, in which the Debtor has an interest.

1.5     *"Avoidance Actions"* means proceedings and causes of action of the Debtor under Chapter 5 of the Bankruptcy Code.

1.6     *"Bankruptcy Code"* or *"Code"* means Title 11 of the United States Code.

1.7     *"Bankruptcy Court"* or *"Court"* means the U.S. Bankruptcy Court for the Eastern District of Virginia, or, if such court ceases to exercise jurisdiction over the Case, the court or adjunct thereof that exercises jurisdiction over the Case.

1.8     *"Bankruptcy Rules"* or *"Rules"* means: (i) the Federal Rules of Bankruptcy Procedure, and (ii) the Local Bankruptcy Rules for the Bankruptcy Court, in either case, as now in effect or hereinafter amended (except that all time periods herein shall be calculated in accordance with the Bankruptcy Rules as in effect on the date hereof).

1.9     *"Bar Date"* means the date designated by the Bankruptcy Court as the last date for filing a proof of claim or proof of interest, as the case may be, against the Debtor. The Bar Date for the filing of pre-petition claims against the Debtor was July 7, 2025 (October 27, 2025, for governmental unit claims).

1.10     *"Business Day"* means any day except Saturday, Sunday, or other day on which commercial banks in Virginia are authorized or required by law to close, or any other "legal holiday" as defined in Bankruptcy Rule 9006(a).

1.11     *"Case"* means the case commenced by the Debtor under Chapter 11 of the Code pending in the Bankruptcy Court and bearing Case Number **25-10855.**

1.12     *"Cash"* means United States currency, drafts, checks, deposit accounts, or other cash equivalents.

1.13     *"Claim"* means a claim as defined in § 101(5) of the Code.

1.14     *"Claimant"* means a Person holding a Claim against the Debtor.

1.15     *"Class"* means each class of Claims or Interests established and set forth in Exhibit C of the Plan.

1.16     *"Collateral"* means any property or interest in property of the Debtor subject to a Lien to secure the payment or performance of a Claim, which Lien is not subject to avoidance or otherwise invalid under the Code or applicable state law.

1.17     *"Confirmation"* means the entry of a Final Order of the Bankruptcy Court confirming the Plan.

1.18     *"Confirmation Date"* means the date on which the Confirmation Order is entered by the Bankruptcy Court.

1.19     *"Confirmation Hearing"* means the hearing under Code § 1128 scheduled by the Bankruptcy Court for consideration of Confirmation of the Plan, as it may be continued from time to time.

1.20     *"Confirmation Order"* means the order of the Bankruptcy Court confirming the Plan.

1.21     *"Creditor"* means the holder of a Claim.

1.22     *"Days"* shall be calculated in accordance with Rule 6 of the Federal Rules of Civil Procedure.

1.23     *"Debtor"* means **Marcantonio Barnes.**

1.24     *"Disputed Claim"* means a Claim:

(a)     which is listed as disputed or contingent in the Debtor's Schedules as filed or as amended; or

(b)     which is listed as disputed under any provision of this Plan, or

  (c) as to which a proof of claim was timely filed and an objection to such Claim was filed within 30 days after the Effective Date.

 1.25 **[RESERVED]**

 1.26 ***"Equipment"*** means all machinery, tools, motor vehicles, furniture and fixtures, and all parts thereof and all accessions thereto and all software related thereto, including software that is embedded in and is part of said Equipment, so as not to include any Inventory.

 1.27 ***[Reserved]***.

 1.28 ***"Estate"*** means the bankruptcy estate of the Debtor.

 1.29 ***"Executory Contracts"*** means all contracts, including unexpired leases, to which the Debtor is or was a party on the Petition Date and which were executory within the meaning of § 365 of the Code and which may be assumed or rejected by the Debtor.

 1.30 ***"Final Decree"*** means the Final Order of the Bankruptcy Court that closes the Case.

 1.31 ***"Final Order"*** means an order or judgment of the Bankruptcy Court as entered on the docket in the case, that has not been reversed, stayed, modified, or amended, and as to which, either: (i) the time to appeal or seek certiorari has expired and no appeal or petition for certiorari has been timely filed, or (ii) any appeal or petition for certiorari that has been filed has been resolved by the highest court to which the order or judgment was appealed from or from which certiorari was sought.

 1.32 ***"Inventory"*** means all goods held for sale or lease, including all raw materials, work in process, finished goods, and material used or consumed in the manufacture, production, preparation or shipping thereof, so as not to include any Equipment.

 1.33 ***"Lien"*** has the meaning set forth in §101(37) of the Code.

 1.34 ***"Material Default"*** of the Debtor shall occur if: (1) Debtor fails to make any payment required under the Plan, or to perform any other obligation required under the Plan, for more than 14 calendar days after the time specified in the Plan for such payment or other performance; (2) upon such failure, the affected creditor has served upon Debtor and Debtor's attorney a written notice of Debtor's default; and (3) Debtor fails within 30 calendar days after the date of receipt of the notice of default either: (i) to cure the default, or (ii) to obtain from the court or affected creditor an extension of time to cure the default, or a determination that no default occurred.

 1.35 ***"Miscellaneous Assets"*** means Assets other than Real Property, Inventory, Equipment, Accounts Receivable, or Avoidance Actions.

1.36    *"Person"* means an individual, a corporation, an LLC, a partnership, an association, a joint stock company, a joint venture, an estate, a trust, an unincorporated organization, a government or any political subdivision thereof, or other legal entity.

1.37    *"Petition Date"* means April 28, 2025, the date on which the voluntary petition for relief under the Code was filed by the Debtor.

1.38    *"Plan"* means this Plan, as it may be amended from time to time.

1.39    *"Priority Claim"* means a Claim made pursuant to § 507(a) of the Code, other than an Administrative Claim, a Professional Claim, or a Priority Tax Claim.

1.40    *"Priority Tax Claim"* means any Allowed Claim for taxes, including without limitation, income, property, withholding, payroll, or excise taxes, or any penalty related to the foregoing to the extent such Claim is entitled to priority under § 507(a)(8) of the Code.

1.41    *"Professional"* means any attorney, accountant, appraiser, consultant, financial advisor or other professional retained or to be compensated pursuant to an order of the Bankruptcy Court entered under any provision of the Code.

1.42    *"Professional Claim"* means any Claim for compensation or reimbursement of a Professional that will be paid through the Plan.

1.43    *"Proof of Claim"* means a proof of Claim filed pursuant to § 501 of the Code and Part III of the Bankruptcy Rules.

1.44    *"Rejection Claim"* means a Claim arising from the rejection of an executory contract or unexpired lease in such amounts as are permitted by the Code and applicable law, and as are allowed by the Bankruptcy Court.

1.45    *"Schedules"* means the schedules of assets and liabilities and Statement of Financial Affairs filed by the Debtor with the Bankruptcy Court and any amendments thereto.

1.46    *"Secured Claim"* means any Claim, debt, or demand against the Debtor as determined in accordance with § 506(a) of the Code that is secured by a properly perfected mortgage, deed of trust, Lien, pledge, or security interest in, or right of set off against, any Property of the Debtor, but only to the extent of the value of the Collateral as of the Confirmation Hearing or as otherwise expressly treated in the Plan.

1.47    *"Subchapter V Trustee"* means Lawrence Katz, the appointed trustee under Code § 1183, or such successor trustee who is or shall be appointed.

1.48    *"Unexpired Lease"* means a lease of personalty or realty that had neither expired by its terms nor been properly terminated as of the Petition Date, and which has not expired by its terms or been rejected by a Final Order on or prior to the Confirmation Date.

  1.49 *"Unliquidated Claim"* means any Claim, the amount of liability for which has not been fixed, whether pursuant to agreement, applicable law, or otherwise, as of the date on which such Claim is sought to be estimated.

  1.50 *"Unsecured Claim"* means any unsecured debt, demand, or Claim of whatever nature other than an Administrative Expense, a Professional Claim, a Priority Claim, a Priority Tax Claim, or a Secured Claim, to the extent as determined and allowed by the Bankruptcy Court in accordance with § 502 of the Code.

# EXHIBIT F – OTHER PROVISIONS

**RETENTION OF JURISDICTION**

Following the Confirmation Date, the Court shall retain jurisdiction over the Debtor and the Debtor's operations for the following purposes until the Court enters an Order closing the case:

A. To rule on the allowance or classification of claims and to hear any objections thereto. The failure of the Debtor to object to, or to examine any claim for the purposes of voting shall not be deemed a waiver of the Debtor's right to object to such claim in whole or in part;

B. To hear and determine all adversary proceedings and contested matters;

C. To allow and approve or disapprove any administrative expenses not previously allowed;

D. To determine and resolve questions concerning the existence of defaults under the Plan;

E. To modify the Plan pursuant to Code § 1193;

F. To correct any defect, to cure any omission, to reconcile any inconsistency in the Plan or Order of Confirmation as may be necessary to carry out the purposes and intent of the Plan; and

G. To issue any Order necessary to carry out the Plan.

H. To enter the Debtor's discharge.

Notwithstanding the foregoing, the Confirmation Order shall entitle the Debtor to manage the Debtor's financial affairs, including the sale, disposition, or lease of assets, without further Order of the Court, and shall permit the Debtor, in the Debtor's discretion, to obtain new and additional credit and/or loans from any source, which credit or loans may be secured by the Debtor's assets, without further Order of the Court.

**MODIFICATION OR WITHDRAWALS OF PLAN**

The Debtor may alter, amend, or modify the Plan under Code § 1193 at any time before the Confirmation Date, so long as the Plan, as modified, meets the requirements of Code §§ 1122 and 1123, with the exception of subsection (a)(8) of § 1123. Following the Confirmation Date but before the Effective Date, the Debtor may also alter, amend, or modify the Plan under Code § 1193. The Debtor may revoke or withdraw the Plan before the Confirmation Date. If the Plan is revoked or withdrawn before the Confirmation Date, the Plan shall be of no force or effect, and shall be deemed null and void. If the Plan is revoked or withdrawn before the Confirmation Date, nothing contained herein shall in any way effect or prejudice the rights of the Debtor with regard

to Claims, Avoidance Actions, or any other rights or interests. After confirmation, the plan may be modified pursuant to Code § 1193.

**MISCELLANEOUS PLAN PROVISIONS**

The Debtor shall act as disbursing agent to make the required distributions under the Plan.

No creditor may take any collection action against Debtor or property of the estate or of the Debtor on any Claim or debt scheduled or provided for under this Plan so long as Debtor is not in Material Default in performing its obligations to such creditor under the Plan.

On the Effective Date, all property of the estate will vest in the reorganized Debtor pursuant to § 1141(b) of the Code free and clear of all claims and interests except as provided in this Plan.

Except as specifically provided in this Plan, the obligations to creditors that Debtor undertakes in the confirmed Plan replace those obligations to creditors that existed prior to the Effective Date of the Plan. Debtor's obligations under the confirmed Plan constitute binding contractual promises that, if not satisfied through performance of the Plan, create a basis for an action for breach of contract under Virginia law. To the extent a creditor retains a lien under the Plan, except as provided in this Plan, that creditor retains all rights provided by such lien under applicable non-Bankruptcy law.

After the Confirmation Date, the Reorganized Debtor may retain and pay professionals on such terms as the Reorganized Debtor deems reasonable without Bankruptcy Court approval. Persons who served as professionals to the Debtor prior to the Effective Date may also continue to serve the Reorganized Debtor.