**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
(Alexandria Division)

---------------------------------------------------------------X
In re:                                              :        Chapter 11 (Subchapter V)
                                                    :
Epic Smokehouse LLC                                 :        No. 25-10855
                                                    :
      Debtor.                                       :
                                                    :
---------------------------------------------------------------X

DEBTOR'S **AMENDED** MOTION TO APPROVE ASSUMPTION OF LEASE

COMES NOW Epic Smokehouse LLC, Debtor-in-Possession, through counsel, and respectfully requests that this Court enter an order approving its assumption of its non-residential real property lease with Millennium Owner, LLC. In support hereof Debtor states as follows:

1. On April 29. 2025, this case was commenced by the filing of a voluntary petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court").

2. The Debtor remains, and intends to continue, in the possession of its property as debtor-in-possession pursuant to section 1184 of the Bankruptcy Code.

3. The Debtor is a Virginia LLC, and is a small business having elected to proceed under Subchapter V.

4. Debtor is lessee under a lease for nonresidential real property with Millennium Owner, LLC pursuant to a Retail Lease dated for reference purposes as of September 24, 2024 (the "Lease") whereby Tenant leases from Landlord approximately

Daniel M. Press, VSB# 37123
Chung & Press, P.C.
6718 Whittier Ave., Suite 200
McLean, VA 22101
(703) 734-3800
Counsel for Debtor

3,090 rentable square feet in a Project legally described in the Lease and commonly known as the Millenium Building, located at 1330 South Fair Street, Arlington, Virginia. The current rent is $15,450.00/month, triple net. The debtor operates its business solely out of the leased premises.

5. The Debtor has determined to assume the lease and hereby does so, subject to the approval of the Court. **The Debtor has agreed with the landlord to amend the lease to remove certain provisions for expansion of the premises. A First Amendment to Lease to implement the foregoing is attached hereto, and Debtor seeks assumption of the lease as modified by the said amendment.**

6. The Debtor has filed a Plan providing for the assumption of the lease. The Plan provides that the Landlord shall have 30 days from the Confirmation Date to file a Proof of Claim for the amount necessary to cure the arrears as of that date, which arrears shall be promptly paid by the Debtor in full, in addition to the rent provided for in the lease, over a 9-month period. This Motion would not change that 30-day deadline, but it would run from entry of the order granting this motion. The Debtor maintains that it is current in its post-petition obligations under the Leases. The pre-petition arrears are $109,381.57. **The Lease Amendment provides for 9-month payment terms to cure the arrears.**

7. No objections have been filed as to the plan (the deadline is 9/2/25)

8. The deadline under 11 U.S.C. § 365(d)(4) to assume or reject leases is 120 days from the Order for Relief, i.e., August 26, 2025. Accordingly, this Motion is timely.

9. The Lease is essential to the continued operation of the Debtor.

WHEREFORE, the Debtor requests that this Court approve the Debtor's assumption

of the Lease **as amended** as provided herein, and grant such other and further relief as it deems just and appropriate.

Dated: September 1, 2025.

Respectfully submitted,

  /s/ Daniel M. Press
Daniel M. Press, VSB# 37123
CHUNG & PRESS, P.C.
6718 Whittier Avenue, Suite 200
McLean, Virginia 22101
(703) 734-3800
dpress@chung-press.com
Counsel for Debtor

CERTIFICATE OF SERVICE

This is to certify that on this 1st day of September, 2025, I caused the foregoing Amended Motion to be served by CM/ECF upon all creditors receiving such notices, the Office of the U.S. Trustee, the Subchapter V Trustee, and counsel for the Landlord, and upon the Landlord at:

Millennium Owner LLC
Corporation Service Company, Reg. Agt.
100 Shockoe Slip Fl 2
Richmond, VA, 23219 - 4100

  /s/ Daniel M. Press
Daniel M. Press

# FIRST AMENDMENT TO LEASE

This **FIRST AMENDMENT TO LEASE** (this "Amendment") is entered into as of August 2 9, 2025 (the "Effective Date") by and between MILLENNIUM OWNER, LLC, a Delaware limited liability company ("Landlord"), and EPIC SMOKEHOUSE, LLC, a Virginia limited liability company ("Tenant").

**WHEREAS**, Landlord and Tenant are parties to that certain Retail Lease dated for reference purposes as of September 24, 2024 (the "Lease") whereby Tenant leases from Landlord approximately 3,090 rentable square feet in a Project legally described in the Lease and commonly known as the Millenium Building, located at 1330 South Fair Street, Arlington, Virginia (the "Premises"); and

**WHEREAS**, pursuant to the terms of the Lease, Landlord, following completion of the Landlord's Work, is required to deliver possession of two additional retail spaces within the Project consisting of a total of 2,250 additional rentable square feet and referred to in the Lease as the "Expansion Premises"; and

**WHEREAS**, prior to the date of such delivery, on April 28, 2025, Tenant filed a Chapter 11 Petition and a proceeding under Title 11 of the United States Code (the "Bankruptcy Code"), as amended by Section 365 of the Bankruptcy Code, is pending for Tenant (the "Proceeding"); and

**WHEREAS**, Tenant has not paid pre-petition Rent in the amount of $109,381.57 ("Pre-Petition Rent"); and

**WHEREAS**, Tenant and Landlord desire to agree upon the terms and conditions for Tenant to pay the Pre-Petition Rent owed and to terminate Tenant's rights with respect to leasing the Expansion Premises all upon the terms and conditions set forth herein.

**NOW, THEREFORE**, in consideration of the provisions, the mutual covenants and agreements hereinafter made and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Landlord and Tenant hereby agree as follows:

1. **Termination of Rights to Expansion Premises.** All of Tenant's rights of possession and lease of the Expansion Premises are terminated and Tenant will continue to lease only the Premises on the terms of the Lease. Tenant releases all rights to any work Tenant may have completed in or with respect to the Expansion Premises. Section 1A.8 of the Lease (Expansion Premises Exterior Signage) and Section 1A.18 (Additional Licenses) and all other terms of the Lease allowing exterior signage serving the Expansion Premises and licenses to use any portion of the Project outside the Premises and Patio Area are deleted from the Lease.

2. **Base Rent and Pre-Petition Rent Payment Schedule.** Tenant shall continue to pay Base Rent for the Premises in accordance with the terms of the Lease (currently $15,450.00/month, NNN). In addition, Tenant shall commence monthly payments of the Pre-Petition Rent which shall be paid over 9 months ($12,153.51/month) for a total monthly payment of Base Rent from October 1, 2025 through June 30, 2026 of $27,603.51.** The Base Rent schedule for the remainder of the Term will be as follows:

**Base Rent:**

| Rent (see §§4,5) | Start Date | End Date | Base Rent Per SF/Yr | Base Rent Per Month | Terms |
|---|---|---|---|---|---|
| | 10/1/2025 | 8/31/2026 | $60.00 | $15,450.00* | NNN |
| | 9/1/2026 | 8/31/2027 | $63.60 | $16,377.00 | NNN |
| | 9/1/2027 | 8/31/2028 | $63.60 | $16,377.00 | NNN |
| | 9/1/2028 | 8/31/2029 | $67.416 | $17,359.62 | NNN |
| | 9/1/2029 | 8/31/2030 | $67.416 | $17,359.62 | NNN |

1

| | 9/1/2030 | 8/31/2031 | $71.46 | $18,400.95 | NNN |
| | 9/1/2031 | 8/31/2032 | $71.46 | $18,400.95 | NNN |
| | 9/1/2032 | 8/31/2033 | $75.747 | $19,504.85 | NNN |
| | 9/1/2033 | 8/31/2034 | $75.747 | $19,504.85 | NNN |

*Plus $12,153.51/month payments of Pre-Petition Rent commencing on October 1, 2025 through June 30, 2026 (see note **).

**This assumes confirmation of the Plan or approval of the lease assumption prior to October 1, 2025. Should such confirmation or approval be delayed until after that date, payments of arrears shall commence on the first day of the month following entry of such order and continue for 9 months.

3.   **Term.** The Term of the Lease will expire 120 months after the Commencement Date of the Lease (August 31, 2034).

4.   **Tenant's Share.** Tenant's Share of the Project will continue to be 0.928% and Tenant's Share of the retail portions of the Project will continue to be 32.87%.

5.   **Tenant Improvement Allowance.** The terms of Sections 1A.5 and 1A.6 are deleted and any obligation of Landlord to reimburse Tenant for any of Tenant's Work or to provide any tenant improvement allowance is deleted from the Lease.

6.   **Bankruptcy Proceeding.** The effectiveness of the agreements set forth herein are conditioned on the Lease, as amended, being assumed or assigned in the Proceeding, including confirmation of Tenant's Chapter 11 plan of reorganization in the Proceeding, or a stand-alone motion for assumption or assignment of the Lease; *provided, however,* that the terms of this Amendment shall be binding beginning on the Effective Date hereof. Landlord expressly reserves its rights in connection with the assumption, rejection, or assignment of the Lease pursuant to the Bankruptcy Code.

7.   **Representations.** Tenant represents and warrants to Landlord that (i) there is no other party, including, without limitation, any mortgagee, whose consent or signature is required in order for this Amendment to be effective, and that the person(s) executing this Amendment have full authority to do so, and such signatures bind Tenant, and (ii) Tenant holds all of the right, title and interest as Tenant under the Lease and it has not assigned, subleased, encumbered or otherwise transferred any of its interest in the Lease. Tenant further represents and warrants to Landlord that as of the date of this Amendment there are no, and as of the Effective Date, there shall not be any mechanic's liens or other liens encumbering all or any portion of the Expansion Premises by virtue of any act or omission on the part of Tenant, its predecessors, contractors, agents, employees, successors or assigns. Notwithstanding the termination of the Lease as to the Expansion Premises, the representations and warranties set forth in this Section shall survive the Effective Date and Tenant shall be liable to the Landlord for any inaccuracy or any breach thereof.

8.   **No Other Amendments.** The Lease remains in full force and effect and has not been otherwise modified or amended. In the event of a conflict between the terms of the Lease and the terms of this Amendment, the terms of this Amendment prevail.

9.   **Brokerage Commissions.** Landlord and the Tenant represent and warrant that neither party has dealt with any real estate broker in connection with this Amendment.

10.   **General.** This Amendment shall be binding upon and inure to the benefit of Tenant and Landlord and their respective successors and assigns. This Amendment may be executed in multiple counterparts (fax or electronic signatures are valid), each of which shall be deemed an original and all of which shall constitute one and the same instrument. This Amendment contains the entire agreement between the parties hereto with respect to the termination of the Lease and merges and supersedes all prior and concurrent oral and written discussions and understandings and no representations are made or relied upon except as

2

expressly set forth in this Amendment. No modification or amendment of this Amendment shall be of any force or effect unless made in writing and executed by both the Tenant and the Landlord. Time is of the essence with respect to the payment and performance of all obligations provided herein. If either party engages legal counsel to enforce this Amendment, the prevailing party shall be entitled to recover its legal fees and related costs from the non-prevailing party. Capitalized terms used, but not herein defined, have the definitions provided in the Lease.

**LANDLORD:**

**MILLENNIUM OWNER, LLC,**
a Delaware limited liability company

By: Washington Capital Management, Inc.
Its: Manager

By: _[signature]_
Print Name: Peter Bury
Its: SVP

**TENANT:**

**EPIC SMOKEHOUSE, LLC,**
a Virginia limited liability company

By: _[signature]_
Print Name: Joon Won Yang
Its: Managing Member

Acknowledged and agreed to this day by:

_[signature]_
Joon Yang, guarantor

3